UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marcia Banks,

        Plaintiff,                                 Case No. 05-73671

v.                                                 Hon. Nancy G. Edmunds

Commissioner of Social Security,

        Defendant.
_____/

ORDER REJECTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

      This matter has come before the Court on the Magistrate Judge's Report and Recommendation.  Being fully advised in the premises and having reviewed the record and the pleadings, including the Report and Recommendation and any objections thereto, the Court hereby REJECTS the Magistrate Judge's Report and Recommendation.  It is further ordered that Plaintiff's motion for summary judgment is DENIED, Defendant's motion for summary judgment is hereby GRANTED, and the case is hereby DISMISSED.

**I.**      **Background**

      On July 26, 2002, Plaintiff filed an application for disability insurance benefits ("DIB") with an alleged onset date of January 22, 2002.  Plaintiff's claim was initially denied by the Social Security Administration in October 2002.  A *de novo* hearing was held in August 2004 before an Administrate Law Judge ("ALJ"), who issued a written opinion, again finding that Plaintiff was not legally disabled or entitled to DIB .  It was determined that Plaintiff's testimony lacked credibility and that she could engage in gainful employment deemed less physically burdensome than her previous occupation.  (Tr. 21.)  Plaintiff unsuccessfully sought review of the ALJ's decision from the Appeals Council, and the ALJ's written opinion is now the final opinion of the Commissioner.  (Tr. 5-7); 20 C.F.R. § 404.981.  Plaintiff has appealed the denial of her claims to this Court, and both parties have filed motions for summary judgment.

**II.     Standard of Review**

42 U.S.C. § 405(g) gives this Court jurisdiction to review the Commissioner's decisions. Judicial review of a Commissioner's decision is limited to determining whether her findings are supported by substantial evidence and whether she employed proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)).  It is not the function of this Court to try cases *de novo*, resolve conflicts regarding evidence, or decide questions of credibility.  *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). In determining whether substantial evidence supports the Commissioner's decision, this Court must examine the administrative record as a whole.  *Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  The Commissioner's decision must be affirmed if supported by substantial evidence, even when substantial evidence also supports the opposite conclusion.  *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).

**III.    Analysis**

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work[1] despite her impairments.  In coming to this conclusion, the ALJ reasonably adopted the opinion of the state agency physician and found that this opinion was supported by the record as a whole.  (Tr. 22, 185-192.)

Plaintiff contends that the ALJ did not comment anywhere on the limitations imposed by Dr. Friedman as a result of his examination of Plaintiff, and is therefore in error.  (Pl's Br. at 7, citing Tr. 295-98.)  This assertion is incorrect.  In concluding that Plaintiff had an RFC allowing a limited

---

[1]Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds and may require a good deal of walking or standing, or it may involve sitting with some pushing or pulling of arm and leg controls.  20 C.F.R. § 40-4.1567(b).

range of light work, the ALJ specifically cited Dr. Freidman's examination of Plaintiff and his conclusion stipulating a limited RFC. (Tr. 20.)

Plaintiff next asserts that the ALJ committed error in failing to give controlling weight to the opinion of Dr. Friedman. (Pl's Br. at 8.) An ALJ, however, is not bound by the opinion of a consultative examiner when the examiner's opinion is contradicted by other evidence of record, including that of a state agency physician. *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). Moreover, the ALJ did not completely ignore Dr. Friedman's opinion, as evidenced by citation to Dr. Friedman's medical notes and report of Plaintiff's capacities. The state agency physician's opinion that Plaintiff had an RFC allowing the performance of light work is consistent with the findings of Dr. Friedman in that both appear to agree that Plaintiff could perform light work, albeit in differing amounts. Dr. Friedman opined that Plaintiff could perform light work on an *occasional* basis only. The ALJ concluded that Plaintiff could *occasionally* perform pushing and pulling tasks, *occasionally* bend at the waist or knees, *occasionally* kneel, and *frequently*, but not constantly, manipulate objects with either hand. This conclusion was largely based on the state agency physician's examination of Plaintiff's medical records. The state agency physician's opinion is not significantly different from that of Dr. Friedman, and the ALJ's reliance upon the state agency physician's opinion was reasonable having reviewed the medical record as a whole. *Id*.

Not only was the ALJ's determination of Plaintiff's RFC reasonable, but there was no vocational expert ("VE") testimony that the alleged differing medical opinions would have an impact on the number of jobs that Plaintiff would be able to perform. At the August 2004 hearing in front of the ALJ, Plaintiff had the opportunity to cross-examine the VE so as to inquire as to the alleged differing medical opinions and their effects on the number of relevant jobs. No relevant questions were asked by Plaintiff, and a review of available jobs as identified by the VE does not appear to require any more than occasional manipulation and use of hands. (Tr. 23.) Assuming, *arguendo*, Plaintiff's assertion that Dr. Friedman's RFC determination should be adopted, Plaintiff has still failed to demonstrate how the VE's testimony was flawed and thereby prejudiced the ALJ's

decision.

The Commissioner's decision must be affirmed if supported by substantial evidence, even where substantial evidence also supports the opposite conclusion. *Her*, supra. In this case, substantial evidence exists which supports the ALJ's determination that Plaintiff had a RFC allowing her to perform light work with occasional manipulation of her hands. The ALJ further determined that Plaintiff's testimony lacked credibility. The resolution of questions of credibility or of conflicts regarding evidence are not functions of this Court. *Brainard*, supra. Because Plaintiff has failed to overcome the requisite standard of review, the ALJ's decision must be affirmed.

### IV.    Conclusion

For the reasons stated above, this Court DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendant's Motion for Summary Judgment, and the case is hereby DISMISSED.


SO ORDERED.


                                       s/Nancy G. Edmunds
                                       Nancy G. Edmunds
                                       United States District Judge

Dated:  September 19, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 19, 2006, by electronic and/or ordinary mail.

                                       s/Carol A. Hemeyer
                                       Case Manager